UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEROY BURKE,<br><br>         Petitioner,<br><br>         v.<br><br>WARDEN,<br><br>         Respondent. | CAUSE NO. 3:22-CV-375-JD-MGG |

OPINION AND ORDER

Leroy Burke, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-08-103) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Burke argues that he is entitled to habeas relief because the administrative record did not include any physical evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines trafficking as:

Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee.[1]

The administrative record includes a conduct report in which an investigator represents that Inmate Thomas retrieved a package that had been thrown over an outside wall. ECF 1-1 at 3. According to the conduct report, Burke met Inmate Thomas in the housing unit and sorted through the contents of the package on Inmate Thomas' bed. *Id.* Burke and Inmate Thomas then dispersed the contents of the package among other inmates in the housing unit. *Id.* The administrative record also includes a video recording summary, which is consistent with the conduct report. *Id.* at 13. Consequently, even without physical evidence, the administrative record contains some evidence that Burke engaged in trafficking as defined by departmental policy. Therefore, this claim is not a basis for habeas relief.

Burke argues that he is entitled to habeas relief because the hearing officer denied him the right to present a written statement from Inmate Thomas. "[T]he inmate

---

[1] This policy is available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

2

facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary to Burke's assertion, the hearing report expressly indicates that the hearing officer considered Inmate Thomas' statement. ECF 1-1 at 6. The hearing officer may not have credited Inmate Thomas' statement or otherwise found it to be exculpatory, but the hearing officer allowed Burke to present it. Therefore, this claim is not a basis for habeas relief.

Burke argues that he is entitled to habeas relief because correctional staff failed to follow departmental policy in numerous ways, including an improperly formatted disciplinary case number, failure to obtain Burke's signature on the screening form, and failure to screen him in a timely manner. However, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

If Burke wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Leroy Burke leave to appeal in forma pauperis.

SO ORDERED on May 17, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT